IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIMBERLY LOPEZ, as guardian, next friend and parent of Gilbert Lopez, a minor, individually and as member of a class of similarly situated individuals<br><br>v.<br><br>METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY; and GENESIS LEARNING CENTERS | No. 3-07-0799 |

O R D E R

Pursuant to the order entered February 29, 2008 (Docket Entry No. 59), a case management conference was held on March 6, 2008, at which time the following matters were addressed:

1. The plaintiff's second motion to amend (Docket Entry No. 35) was GRANTED.

2. The plaintiff's third motion to amend (Docket Entry No. 61) was GRANTED.

The Clerk is directed to file and docket the parties' third amended complaint attached to the motion (Docket Entry No. 61-1), and to add Genesis Learning Centers as a defendant in this case.

3. Although not specifically addressed on March 6, 2008, because the motion was filed after the case management conference, the plaintiff's motion for leave to physically file exhibits (Docket Entry No. 68) is GRANTED.

The plaintiff shall be permitted to manually file CD-R's as exhibits to the third amended complaint.

4. By contemporaneously entered order, the agreed protective order entered into by the parties in this case and Kolby Harris has been approved and entered.

Entry of that order effectively GRANTS the motion for protective and limiting order re: subpoena of school records (Docket Entry No. 50) and second motion for protective and limiting order re: subpoena of school records (Docket Entry No. 54) filed by Terrilyn Harris.

5. Plaintiff's counsel advised that the plaintiff no longer seeks the deposition of Kolby Harris. Therefore, the motion to quash deposition filed by Kolby Harris (Docket Entry No. 42) is GRANTED.

6. The plaintiff has withdrawn the motion for consolidation. See Docket Entry No. 60. Therefore, the motion for consolidation (Docket Entry No. 23) is DENIED.

7. Plaintiff's counsel advised that the portion of the motion to compel (Docket Entry No. 36), seeking the cumulative file, IEPs and behavioral intervention plans is now moot since the plaintiff has received those documents. Counsel for the parties also advised that they need approximately two (2) weeks to determine if the remainder of the issues addressed in the motion can be resolved.

Therefore, by March 20, 2008, the parties shall file a joint statement, indicating whether (1) all issues have been resolved, rendering the motion to compel moot; (2) what issues have been resolved; and/or (3) what issues remain in dispute and whether or not the parties believe that they will be able to resolve the remaining disputes.

8. As housekeeping matters, the defendant's motion for extension of time (Docket Entry No. 41) to the second motion to amend and motion to compel is GRANTED nunc pro. The defendant filed a response (Docket Entry No. 49) to the second motion to amend, and a response (Docket Entry No. 51) to the motion to compel.

Similarly, the plaintiff's motion for leave to file reply (Docket Entry No. 52) is GRANTED.

The Clerk is directed to file and docket the plaintiff's reply and attached exhibit (Docket Entry Nos. 52-1 and 52-2).

Although plaintiff's counsel alluded to the filing of a motion for summary judgment, the Court did not address a briefing schedule on the motion.

After the case management conference, the plaintiff filed a motion for summary judgment and accompanying filings (Docket Entry Nos. 62-67).

The defendant shall have until March 26, 2008, to file a response to the motion. The plaintiff shall have two (2) weeks from the filing of the response or until April 9, 2008, if the response is filed on March 26, 2008, to file a reply, if necessary.

9. The parties shall proceed on the same discovery schedule as provided in the case of Staehling v. Metropolitan Government, 3-07-0797.

10. A further case management conference is scheduled on **Friday, April 4, 2008, at 2:00 p.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN, at which time counsel for defendant Genesis Learning Centers shall appear, and the parties shall be prepared to address future scheduling in this case; any remaining issues raised in the plaintiff's motion to compel; what plans the School Board and/or Metro have adopted, if any, that might impact the plaintiff's pending motion for class certification; if appropriate, the potential for settlement and propriety of ADR; and any other appropriate matters.

Prior to April 4, 2008, counsel for the parties, including counsel for Genesis Learning Centers shall confer in an attempt to agree upon scheduling matters.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge