# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **KIMBERLY LOPEZ, as guardian, next** | ) | |
| **friend and parent of GILBERT LOPEZ** | ) | |
| **a minor, individually, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:07-0799** |
| | ) | **Judge Echols** |
| **METROPOLITAN GOVERNMENT OF** | ) | |
| **NASHVILLE AND DAVIDSON** | ) | |
| **COUNTY, and GENESIS LEARNING** | ) | |
| **CENTERS,** | ) | |
| **Defendants.** | ) | |

## ORDER

Gilbert Lopez, a nine-year old special needs child suffering from autism, was allegedly

forced to perform oral sex on a nineteen-year old student while both were riding home on a school

bus for special needs children. As a result, suit was filed against Defendant Board of Education for

the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") in

the Davidson County Circuit Court. In the purported class action Complaint filed in state court,

Plaintiffs alleged a state law cause of action under Tennessee's Governmental Tort Liability Act,

T.C.A. § 29-20-101, *et seq.*, and a federal claim under 42 U.S.C. § 1983 for violation of the Due

Process and Equal Protection Clauses of the Fourteenth Amendment to the United States

Constitution. The inclusion of a federal claim prompted Defendant Metropolitan Government to

remove the action to this Court.

Once the case was removed to this Court, Defendant Metropolitan Government filed a

Motion to Dismiss (Docket Entry No. 10) on August 24, 2007.[1] Thereafter, Plaintiffs filed an

Amended Complaint (Docket Entry No. 15) making essentially the same claims against Defendant

---

[1]This motion was denied without prejudice when Plaintiffs' motion seeking to amend their
Complaint was granted. (Docket Entry No. 14).

1

Metropolitan Government. On September 19, 2007, Defendant Metropolitan Government filed a Motion to Dismiss the Amended Complaint (Docket Entry No. 16). Thereafter, Plaintiffs filed a Renewed Motion for Class Determination (Docket Entry No. 31), after Plaintiffs voluntarily withdrew their earlier request for class certification without prejudice (Docket Entry No. 29).

On December 21, 2007, Plaintiffs filed a Second Motion to Amend Complaint (Docket Entry No. 35) in order to add certain factual allegations to the Complaint which Plaintiffs learned during the course of discovery. After a Case Management Conference on March 6, 2008, an Order by the Magistrate Judge was entered on March 7, 2008, granting leave to file the Second Amended Complaint. (Docket Entry No. 70). In that same Order, the Magistrate Judge granted Plaintiff's Third Motion to Amend Complaint which had been filed two days earlier. The Third Amended Complaint added a new Defendant, Genesis Learning Centers ("Genesis"), which was alleged to have discretion in admitting students the Metropolitan Government wanted to place in its school and which allegedly knew of the sexually aggressive behavior of the student who allegedly assaulted Gilbert Lopez.

The day after Plaintiffs filed their Third Motion to Amend Complaint, Plaintiffs filed a Motion for Summary Judgment (Docket Entry No. 62). The sole Defendant listed in the caption of the Motion and accompanying Memorandum is Defendant Metropolitan Government, presumably because Genesis had not been made a party at that point. Defendant Metropolitan Government then filed a Motion to Strike and/or Continue Plaintiffs' Motion for Summary Judgment (Docket Entry No. 75). Thereafter, the parties filed a "Joint Motion Extending the Time for Defendant, Metropolitian [sic] Government of Nashville and Davidson County's Response to Plaintiff's Motion for Summary Judgment" (Docket Entry No. 83) which would allow Metropolitan Government until May 1, 2008 to respond to Plaintiff's Motion for Summary Judgment.

The Court finds that Defendant Metropolitan Government's Motions to Dismiss have become moot in light of the subsequent Amended Complaints which have been filed. The Court also finds that Plaintiffs' Motion for Summary Judgment is moot in light of the filing of the Third Amended Complaint, and, in any event, is premature. Finally, the Court finds that Plaintiff's Renewed Motion for Class Determination should be denied because a new party has been added and the allegations relating to class certification are directed at Defendants and not just Defendant Metropolitan Government.

"It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Industry Ass'n, 354 F.3d 632, 638 n.1 (7th Cir. 2004). In other words, the amended complaint "completely supercedes [the] original complaint, and thus the original complaint no longer performs any function in the case." Kolling v. American Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003); see, Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 307 (6th Cir. 2000)(stating that an amended complaint supersedes all previous complaints and the new complaint controls case from that point forward). Thus, a court may deny as moot a motion to dismiss which has been filed against a complaint which is subsequently superseded. Alattiyat v. City of Memphis, 2007 WL 838129 at *1 n.1 (W.D. Tenn. 2007). Likewise, "[a] plaintiff can not move for summary judgment upon an original Complaint when he has successfully moved to amend it." Otto v. Saia, 2007 WL 189584 at *4 (W.D.N.Y. 2007).

Here, Plaintiffs have filed a Third Amended Complaint which supersedes the original Complaint, the Amended Complaint and the Second Amended Complaint. The Third Amended Complaint, which now controls, contains a new Defendant (Genesis) and allegations not found in earlier versions of the Complaint. Thus, the Court will not consider the previously filed dispositive motions which were directed at earlier versions of the Complaint.

3

In reaching this conclusion, the Court notes some courts have adopted the view that "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending." Robbins v. Wolpoff & Abramson LLP, 422 F. Supp.2d 1011, 1012 (E.D. Wis. 2006). However, with the filing of the Third Amended Complaint, a new party has been added, along with some additional allegations. Moreover, in support of its Motion to Strike Plaintiffs' Motion for Summary Judgment, Defendant Metropolitan Government indicates that it anticipates filing a Motion to Dismiss the Third Amended Complaint. (Docket Entry No. 76 at 2). With regard to Plaintiffs' Motion for Summary Judgment, Plaintiffs state in their Motion that "[a]ll of the evidence supports Plaintiffs' contentions and shows that the Plaintiffs are entitled to summary judgment with the only remaining issues for jury consideration being the damages suffered by Plaintiff Gilbert Lopez and the appropriate relief." (Docket Entry No. 62 at 1). Obviously, it is premature for the Court to make any ruling in this regard particularly since one Defendant has just been added to the action and neither of the Defendants have filed an Answer to any of the Complaints.

As noted, Defendant Metropolitan Government has filed a "Motion to Strike and/or Continue Plaintiffs' Motion for Summary Judgment." Striking that Motion is not appropriate because Motions to Strike are disfavored and Plaintiffs' Motion for Summary Judgment does not appear to contain "any redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f) of the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' Motion for Summary Judgment will not be stricken. Instead, that Motion will be denied in light of the fact that a new Defendant has been added to the action with the filing of the Third Amended Complaint.

The Court will also deny Plaintiffs' Renewed Motion for Class Determination (Docket Entry No. 31) which was filed long before the Third Amended Complaint. In their Renewed Motion, the class certification is directed singularly at Defendant Metropolitan Government, whereas, in their

Third Amended Complaint, Plaintiffs reference Defendants in their class action allegations. Newly-added Defendant Genesis has not been afforded an opportunity to address Plaintiffs' contention that this suit should be maintained as a class action.

Accordingly the Court hereby enters the following rulings:

(1)   Defendant Metropolitan Government's Motion to Dismiss Amended Complaint (Docket Entry No. 16) is hereby DENIED;

(2)   Plaintiffs' Renewed Motion for Class Determination (Docket Entry No. 31) is hereby DENIED;

(3)   Plaintiffs' Motion for Summary Judgment (Docket Entry No. 62) is hereby DENIED;

(4)   Defendant Metropolitan Governments' Motion to Strike and/or Continue Plaintiffs' Motion for Summary Judgment (Docket Entry No. 75) is hereby DENIED; and

(5)   The "Joint Motion Extending the Time for Defendant, Metropolitian [sic] Government of Nashville and Davidson County's Response to Plaintiff's Motion for Summary Judgment" (Docket Entry No. 83) is hereby DENIED as MOOT.

Each party shall be permitted to file one additional dispositive motion which shall include a request to dismiss and/or a request for summary judgment as appropriate. The deadline for filing of dispositive motions shall be set by Magistrate Judge Griffin at the previously scheduled April 4, 2008 further case management conference.

It is so ORDERED.


_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

5

Case 3:07-cv-00799   Document 87   Filed 04/01/08   Page 5 of 5 PageID #: 864